This is our next case of the afternoon, 413, In Re of the Marriage of Andrew Townley, and for the appellate, Mr. Hensley, for the appellee, Mr. Wake. You may proceed. Thank you, Your Honor. May it please the Court, Mr. Wake. Your Honors, this is, to me, as I've been thinking about this case, this is almost a perfect set of facts to describe and explain the doctrine of inconvenient form. We've got here a marriage that was contracted in France and then immediately moved across the channel to Ireland, and they lived their entire married life together in Dublin, Ireland. They had their children there, they had their jobs there, they forged their friendships there, and then Mr. Townsend, who was a fairly successful international businessman, left the marriage and went to South Africa, Cape Town. From there he went to Johannesburg, and then from there he has come back to the United States where he has family ties in Coles County. And so he has now filed a petition for a dissolution of marriage in Coles County, in which the only issue now, by the time the case left Coles County and came over here, the only issue is do grounds exist for a dissolution of marriage? He's alleged in the alternative of mental cruelty and irreconcilable differences. And my client, who has never been to this country except for the occasional biennial visit to his parents while they were married, has filed a response denying that there are grounds. And so we have one justiciable issue, and that is grounds. And so it seems to me that the fact that it's a marriage case causes some inferences to be made in this case, but we have that one issue. And the question then for this court is whether or not Coles County is an inconvenient forum, and the more convenient forum is Dublin. Now, if you look at this case, or at least when I look at this case, according to the factors that the case law says we're supposed to apply, I don't see a single factor that comes down on the side of deciding that Illinois is a convenient forum to decide this issue. All of the context, and if there are grounds, the grounds were committed in Ireland. They lived there, my client lives there, and the only reason it got filed in Illinois, well, there are two reasons that I can tell from the record. One, Mr. Towsend, who is a successful businessman, is mobile. He's able to come over here, and it is not an inconvenient forum for him by any means. Number two, he doesn't think he can get a divorce, he doesn't think he can prove his case in Dublin, and so he's come to Illinois where he thinks it's an easier thing for him to do. And that's the, and I think he's been engaging in foreign shopping, that's why we're here. What is currently pending in Ireland? Nothing. Okay. So, Supreme Court Rule 187 allows for a transfer of a case based on forum nonconvenience, and that would be intrastate forum nonconvenience, and it allows for dismissal based on forum nonconvenience if it's interstate. Now we're talking about a different country. What would be, what are his options then if there were to be a dismissal based on Supreme Court Rule 187? There's no pending action in Ireland, no pending action then anywhere, but you're saying Ireland is the more convenient forum. What are you saying his options are? He could file his action for divorce in Ireland. You're just saying to the court here, look, anywhere but here right now, we're just saying this is not a convenient place. One of these other places might be appropriate, but this isn't an appropriate forum. Correct. Okay. And can he get a divorce in Ireland? If he can prove it, I don't know Irish law, but he can certainly file for divorce over there. He seems to think he can't, or he's afraid that he can't. And again, I'm drawing from what's in the record. In fact, he's even made the argument, which is incredible to me, that there's no subject matter jurisdiction. And he cites this Article 41 from the Irish Constitution, which is not a part of the record. But it's inconceivable to me that the Irish courts don't have subject matter jurisdiction. The question is whether or not he can prove whatever Irish law requires of him to prove in order to get a divorce. I don't know whether he can do that. I don't know whether he can prove grounds in Illinois. I don't know that he can prove that, without fault or provocation, my client was mentally cruel to him. And I don't know whether he can prove that irreconcilable differences have led to the irretrievable breakdown of his marriage. I don't know any of that. Those are all issues of proof to me and not of jurisdiction. And it seems to me that when you have a marriage that's been lived exclusively in Ireland, not just overnight, but for several years, where as a result of that marriage there are two children, and everything incident to the marriage has occurred in Ireland, and then somebody comes halfway around the world and wants to file a lawsuit here, I don't see how you conclude otherwise than that it is an inconvenient forum, for my client, who would have to come halfway around the world to contest it. That's our case in a nutshell. The doctrine of forum non-convenience presupposes the validity of jurisdiction in the pending forum. Let's just trace this forward, and if your client obtains the relief that you're requesting, and he attempts then in Ireland to obtain a divorce and is told he cannot, and then comes back to Illinois, I mean are we back to the... Does he have a sounder footing to proceed on at that point, or is it still a matter of forum non-convenience? Is he able then to point to one of those public interest factors under Gilbert v. Gulf Oil and say that he can't point to now and say divorce is unavailable in the forum that you're suggesting? Yeah, I think probably that's true, Judge. I think if he goes back to Ireland and goes into the Irish courts, and they say we will not entertain a divorce action, it's not available to you. Not that he can't file it, but the doors are closed to him to try to obtain a divorce case. Then I think if he comes back here then, I think he can argue there is not an available forum in place else. He'd certainly be, to my mind, he'd certainly be on a stronger footing than he is now, because he's already participated in the proceedings of the family law court in Ireland. And they don't retain any jurisdiction? Evidently not. Well, we don't really know that. We don't know, that's right, I don't know. If we were to analogize to the law, I would assume all the 50 states, if there were a continuing dispute about visitation or custody, I think it's a logical conclusion that they would retain jurisdiction for that. Well, I would conclude that too, Judge. I would infer that too. And if there's a separation agreement, which if it lasts for a sufficient period of time, I thought I saw that, that if it lasts for a sufficient period, then you can petition the Irish court for what would be our equivalent, I guess, of a no-fault divorce, but the period of living apart, separating apart is much longer. That gets, it seems to, and again, I raise issues about whether the Irish constitution is properly in the record, but, I mean, who cares? What the record tells us is that there's an article in the Irish constitution that says in order to get a divorce in Ireland, you have to have been separated for, I think it's four of the preceding five years, or something like that. So it's analogous to our no-fault divorce, but my point is, and has been, that we don't really know what that means. Just as when we adopted no-fault divorce in Illinois, there was, for a period of time, reasonable differences as to what that, the wording separate and apart meant. You know, there were those who thought that it meant you had to live in separate abodes for two years or six months, and then finally the Supreme Court clarified, or the appellate court clarified, that you could live in the same abode, but still be considered living separate and apart for purposes of no-fault divorce. That may be the case in Ireland. I don't know. None of us knows. So, it seems to me, and again, as I've gone down through the public and private factors that are to be applied, one of the factors is not to consider whether or not it would be easy or difficult for the plaintiff or the petitioner to prove his case. That's a matter for, that's a separate issue. The question is, we're weighing those factors to determine whether it is fundamentally unfair to require the defendant or the respondent to come to the forum selected by the petitioner. And to me, it is patently, fundamentally unfair to require my client to come from Ireland to defend a divorce case in which the sole issue is whether or not Browns exists. So your client doesn't want a divorce then? As far as I know, Judge, that's right. I've never met my client. Well, this judicial separation in family law has been refigured. Well, I don't know if I'm referring to the right thing. The order from Ireland seems to contemplate that this is the first step in getting a divorce. It was available. Well, what it was for, it seems to me, as I read it, to be similar to a judgment of legal separation or separate maintenance. It provides his obligations while he's, wherever he's going to be, not living in a family home, to support his family. What's this language mean? This settlement agreement makes proper provision for both of them and their dependent children in the context of any divorce in this or in any other jurisdiction. Some meaning has to attest to that language. I think it means exactly what it says. If there is a divorce granted in that forum or in the other forum, the only issue that the other forum or that forum has to determine is whether or not a divorce is going to be granted. So without conceding anything, he might be better off filing in London. Because maybe English law is different than Irish law, but the only thing that the English court could resolve would be grounds. Because everything else has been taken care of. Yes. At least according to the order. That's what I understand, yes. Okay. So, for those reasons, we're asking this court to reverse Judge O'Brien in order of dismissal, assuming, of course, that my client consents to jurisdiction in Ireland. I'm sure she would. Thank you, counsel. We'll hear from you in rebuttal. May it please the court, counsel. My name is Lee Waite. I'm with Dilsever Nelson & Waite. I represent the original petitioner and appellee, Andrew West. Let me ask you a question. Have you met Mr. Townley? Yes, Your Honor. Well, then, see how far ahead you are already. Mr. Townley actually is from Mattoon. He's a good... or his mother, Janetta... I believe his father actually passed away in the 90s, but his mother, Janetta, is good friends with my former boss, who is now retired probably, as we speak, enjoying an adult beverage in Florida next to a swimming pool. All right, enough. Enough of the background. As has been stated, the only relief being sought by Andrew in Coles County is a disillusion of his marriage. Sophie, his wife, asked that the court dismiss that based upon forum non-convenes, and the trial court refused to do so. I would like to start out by discussing a bit the standard involved in looking at a forum non-convenes issue. It's been stated a few different ways. I believe this court has done so, the Supreme Court. However, I wanted to draw the court's attention to one case that Mr. Hensley cited in his brief, Phillips Electronics, N.V. versus New Hampshire Insurance Company, that's a 2001st district case, 312 Illinois Ave, 3D, at 1070. There it was stated that a forum non-convenes issue, a reviewing court determines whether the court abused its discretion, which can be found only when no reasonable person would take the view adopted by the circuit court. And so, really, we're trying to determine could no reasonable person take Judge O'Brien's point of view in this matter. Well, did Judge O'Brien consider each of the factors that he's required to consider? Your Honor, there was no written judgment entered in this case, so there were no facts, so on and so forth. I would like to think that, yes, he did consider each factor individually, but there's nothing in the record to either refute or deny that possibility. I believe once we do look at the factors, though, that, really, it's not as bad as Mr. Hensley makes it out to be in this matter, particularly considering what we're looking at here, where he examines the public interest factors and the private interest factors. Doesn't that establish that he failed to exercise his discretion? Your Honor, really what I was getting at, though, is I don't know whether he explicitly did this by going through each one. And, really, if I may, the Illinois Supreme Court, in fact, has found in First American Bank v. Urene, I'm not sure how to pronounce that, but it's a 2002 case dealing with form nonconvenes that was also cited in the briefs, that you don't simply weigh the factors one against the other. Instead, the trial court must evaluate the total circumstances of the case in deciding whether the defendant should be acquitted or transferred. So, again, I cannot speak for Judge O'Brien whether he ticked off one by one. I believe there's usually three private interest, three public interest factors, but I believe it was a reasoned decision once all of the arguments had been made last September. Well, let me ask this, counsel. If grounds are the only issue, and to establish grounds, or to defend against grounds, in this particular case, all of the activity, conduct, actions would have had to have been, would have had to have taken place in Ireland. So how in the world could this be a convenient forum to decide that issue when all the witnesses and all the evidence is going to be from a foreign country? Your Honor, I think there's really two ways of looking at that. One would be a case decided by this court again that the trial court brought up heavily was Ingrid Mariget Brown. And in that case, that dealt with a member of the United States Air Force serving in Illinois and his wife, who I believe was a South Carolina resident, but I'm not entirely sure. But in essence, she made phone calls to his commanding officer in Illinois while she was in her home state, again, South Carolina I believe. And the court found that that established mental cruelty that had actually in essence occurred in part in Illinois. But I think really we're complicating the issue too much and even bringing in Brown and what I just said because if you look... Here we are. There were actually two grounds alleged. Mental cruelty, which as we just discussed, I agree, may be hard to prove that any of that occurred in Illinois, but there's also irreconcilable differences. And you have to keep in mind there were actually two motions to dismiss filed in this matter, only one of which is before the court now, but the combined motion which was filed prior to it is relevant in that an affidavit was attached to it from Sophie. And in that affidavit, at paragraph three, she states that her and Andrew lived together in Dublin until May of 2012. Later on at paragraph six she states that in May of 2012 that's when he moved to first Cape Town, South Africa, and I believe in December of 2012 that's when he moved to Johannesburg. Well, as you know, it's now May of 2014. We're either at the two years or nearly at the two years of irreconcilable differences. At this point, I don't really know what irreconcilable differences. I mean, you can say, yes, they did not live together in Ireland, but they also did not live together in Illinois. They did not live together in South Africa. I believe he's been in Brazil here recently. They did not live together there either. So there, really the site of the marriage and where rounds could have taken place become largely irrelevant because we're at the two-year mark where we can simply do a no-fault divorce. I would also like to point out the way this seems to have been presented is that Andrew and Sophie are on equal footing starting out. And then afterwards you look at the factors so on and so forth and try to see which one's better at the end of it. But you have to keep in mind the Illinois Supreme Court said really form of nonconvenience is only to be exercised in exceptional circumstances. Also, Andrew, while he travels a lot for business, he's actually maintained in Mattoon, Coles County, Illinois. He's had a driver's license since 2001. I believe he was in the state of Kansas prior to that. But since 2001, and it's in the record, he's had an Illinois driver's license T-540-0177-1139. He still maintains that today and I believe it's good until 2017. He's filed federal and state tax returns. He actually had listed 505 Hickory Lane as his address. He was required to apply for life insurance under the Irish decree, the separation agreement. In his life insurance, he said 505 Hickory Lane, passport, visas, certificate of registration with Ireland, business permit with the Republic of South Africa. All along it has been 505 Hickory Lane. And so, since he maintains his residence, again, I fully admit he travels a lot, but he maintains his residence in Coles County, then that court should be given deference in deciding the form non-convened. And as far as the factors go, Sophie herself said in her affidavits, again, I believe it was both affidavits, that she traveled bi-annually to Mattoon with the children. She has a French passport. So it's certainly possible for her to travel from Ireland to Illinois for this should she want to present her testimony at a final hearing before the trial court. Again, she has family here. I'm sure his mother, Janetta, would be happy to see the children. So coming to Illinois would not be, it's not as though she's never been to Illinois, has absolutely no relation to it. Her children have family here just a few miles away. And then, again, since we're at this point pretty much dealing with irreconcilable differences, the other factors kind of fall away. In perhaps one of the lead cases in the remarriage of Ricard, where you had French citizens, and kind of a similar situation but also wildly different in that in that case, the husband was trying to in essence have the marriage annulled based upon his wife's alleged inability to consummate the marriage. Well, we were going to be looking at gynecologist testimony. There would also be property involved, so on and so forth. There would be a lot of documentation involved, real property, so on and so forth that really perhaps would not so much belong in Cook County because it would be difficult to get these French people there. In this case, we're simply dealing with grounds. Okay. And grounds and disillusion. Your client wants a disillusion. Did you present evidence to the trial court that he can or cannot obtain a disillusion in Ireland? Your Honor, I have to admit I was somewhat taken aback by this entire argument when I saw it I believe perhaps the first time was the petition to for leave to appeal. Sophie herself actually first brought that up before the trial court in her affidavit attached to the combined motion. She actually states that they would have to live separate and apart four out of five of the last four out of the last five years in order to get a divorce. What happened after that then was this forum non-convenes motion was brought before the court and then I, Andrew agreed that yeah, that we can't get a divorce because we haven't been separated long enough. We're going to have to be separated at least four years. Then I thought well it might be good to point out why is that. I then researched myself to determine it's because of Article 41 of the Irish Constitution specifically says that you cannot get a divorce unless you have been separated for four out of the last five years. No matter what the grounds are. That's my understanding, yes, that it doesn't matter at all what the grounds are. And my guess is that's why you would have the separation agreements that maybe even if there is mental cruelty, what have you, that hopefully they'll still work things out later on. But anyway, that's when I found Article 41. I alleged it in the response to that petition and as I did not reply to that response, I don't believe there actually needed to be, but even in the argument before Judge O'Brien, which was done by Mr. Nelson, my former boss, I was not present, but I'd read the transcript, both Mr. Nelson and Mr. Hensley throughout that entire argument pretty much conceded that there's no way for the state of their law. So that's why it was filed here. And from that transcript, one thing Judge O'Brien did find relevant looking at the entire circumstances was that it was in fact Sophie who filed... I don't understand what that means. You said something about that being significant. Why is that significant? Significant in what way? I think the answer is that she could have simply filed for a divorce if that were a possibility in Ireland. Since it wasn't, she filed for the legal separation. But we don't know if you can file for divorce and then the trial court say, you understand I can't grant you the finality of the divorce, but I can convert the separation to a divorce if you can prove grounds. Because we don't know, we know that statement from the Constitution, but we don't know the niceties of Irish law. If you had an affidavit from a barrister, the Irish equivalent, saying, in Ireland this is what would happen if your client sought a divorce to the spouse, and then back here present that to the trial court and say the relief that he's requesting in the Coles County case cannot be obtained in Ireland, then it's maybe a different situation because it would factor into one of these form nonconvenience factors probably because the court would have to look at the unavailability of the claim. And it seems like that is an unknown at this point. Well, and really, as I said, I never thought to worry about this because it seemed everybody was in agreement that this simply cannot be done in Ireland. Well, but everybody's not in agreement that it can be done in Coles County. She's apparently not in agreement with that. Maybe she would bite New York or London, but she's the one that's resisting going forward. And the trial court makes the extraordinary assumption that she wouldn't be prejudiced by finding a mental cruelty. How do you know that under Irish law and what effect that has on the children? Those words have come to  because they have no significance in our society. I don't know what significance they have in a Catholic society where you couldn't even get a divorce until the Irish Constitution was amended. And I think that was in the latter part of the 20th century that it was amended. It might be extraordinary for an Irish resident with Irish citizen children to be labeled as someone who doesn't have an innocent husband. All of this might be accurate, but you have to keep in mind I did not file the motion for four of non-convened cases. No, no, what I'm saying is the judge voices the fact that how could she possibly be prejudiced by finding here specifically a mental cruelty? I don't know what that is, but I think his suggestion may have been more that irreconcilable differences is available. But he didn't say irreconcilable differences. He said mental cruelty because your client filed. That was one of the grounds. And I agree, but perhaps his idea was that if we did the irreconcilable differences, this doesn't even become an issue. Because he doesn't know, and you're absolutely right, he doesn't know whether mental cruelty will have any effect, but irreconcilable differences and no-fault divorce shouldn't. So I think he was suggesting that perhaps it may be in her best interest to reconsider her position because until this month we could only go under the six-month which would require both of their agreements, and we didn't have that. But no, I would agree, no one really knows, but it's all kind of speculation at this point because no one has come out and said, well no, this would be horrible for her in Ireland if mental cruelty was found, so here's how she's prejudiced. And I would certainly not bring that up. It wouldn't be my position. I understand. Thank you. Thank you. Mr. Hensley? Just very briefly in rebuttal, and I'll start near the end and then go back to the beginning. The point was made that it was my client apparently who filed for the legal separation in Ireland. Maybe the reason that she filed for a legal separation was that she didn't want a divorce. That's another reasonable inference from that fact. A question was asked earlier about Judge O'Brien's rationale, and I think he gave it, and this is part of Andrew's answer to the petition for leave to appeal, and it may be part of his brief as well. At pages A48 and 49, that's where I believe Judge O'Brien expressed his rationale as to why he was going to deny the motion for nonconvenience. And he said that I think it was a little more difficult to decide that issue. He said, I think it is significant that first of all, the proceeding in Ireland was initiated by the respondent, so I think he drew an inference from that that probably wasn't warranted. Well, I don't know what any inference you could draw from. I don't know any inference. You could draw multiple inferences from that he was holding it against her because she wanted a separation but she didn't want a divorce or that she filed it where she lived for some reason. Maybe he thought she should have filed it in France or she's the one that initiated it now she has to live with it. I don't understand what he meant. The other thing he found significant was a finding, he said, I also find significant that a finding of fault, if such a finding is sought in this court, certainly in Illinois would be irrelevant to the determination of any ancillary issues. Whether that's the case in  elsewhere, it's interesting he said the judgment of legal separation in Ireland doesn't talk about Mr. Townley's obligation to cover health insurance. That was the rationale used by the trial court. I don't understand what health insurance has to do with it. Justice Harris asked whether the judge weighed each of the individual factors. I don't think that he did, at least not expressly. He did rely on the marriage of Brown case, which to me is entirely irrelevant to this case. It wasn't a foreign nonconvenience case. It was a Chinoot Air Force base that was open, and the question was whether or not there was some jurisdiction. And yet it was a case that Judge O'Brien found, I think, important in his decision. I think it's also important to point out, even if we get past the two-year separation, now I've never had this happen in my experience, but there's always a first time, even after the two-year period, you have certain rights to prove irreconcilable differences. You still have to prove that there have been attempts at reconciliation, and you still have to prove that attempts at future reconciliation would not be in the best interest of the family. So it still isn't a gimme after two years. And counsel made a comment about driver's licenses and so forth. His residency really isn't an issue in this case. We haven't challenged that. And finally, there seems to be a whole lot of talking about Irish law that is still lame in opinion. Nobody really knows what Irish law is, and even counsel, who probably did more  Irish law, I think there is just a lot of guessing going on. And if I have been taken to have conceded anything about Irish law, I disavow it. I don't know anything about Irish law. As I said in my brief, I barely know a little bit about Illinois. Thank you. Thank you, counsel. We'll take this matter under advisement.